UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES E. STEWART, JR.,<br><br>                        Plaintiff,<br><br>        v.<br><br>WILLIAM RUEBART, et al.,<br><br>                        Defendants. | Case No. 2:23-cv-01028-RFB-MDC<br><br>**<u>SCREENING ORDER</u>** |

      Plaintiff Charles Stewart, Jr. ("Plaintiff"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint ("Complaint") under 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a motion seeking the appointment of counsel. ECF Nos. 1, 1-1, 1-2. The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motion.

**I.      SCREENING STANDARD**

      Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

## II.     SCREENING OF COMPLAINT

In his Complaint,[1] Plaintiff sues multiple Defendants for events that took place while he was incarcerated at Ely State Prison ("ESP").[2] ECF No. 1-1 at 1. Plaintiff sues Defendants William Reubart, Tasheena Cooke, David Drummond, ESP Medical Department John and Jane Does 1-10, and the ESP Full Classification Committee (collectively "the Defendants"). Id. at 1–2. Plaintiff brings one claim and seeks monetary and injunctive relief. Id. at 3–7.

Plaintiff alleges the following. Prison officials at ESP placed Plaintiff under a mandatory 10-day quarantine on January 11, 2022. Id. at 3. Prior to the quarantine, Plaintiff took protective measures to ensure that he did not contract COVID-19, such as following the recommended vaccination schedule and wearing N95 masks when in contact with the prison staff. Id. While quarantined, Plaintiff took multiple COVID-19 tests, and they were all negative. Id. At the end of the quarantine the Full Classification Committee told Plaintiff that he had been medically cleared and could move to a regular housing unit at ESP. Id.

Later, the Full Classification Committee canceled Plaintiff's transfer, keeping him in quarantine. Id. at 4. Fearing that he would catch the virus in quarantine, Plaintiff immediately sent requests and kites to the Defendants to be removed from quarantine. Id. Five days later, Plaintiff

---

[1] Inmate Daisy Lynne Meadows assisted Plaintiff in preparing the Complaint. (ECF No. 1-1 at 7).
[2] Plaintiff currently resides at High Desert State Prison ("HDSP"). (Id. at 1).

contracted COVID-19. Id. The virus caused permanent respiratory damage. Id. On January 26, 2022, Plaintiff was placed in an isolation cell near the infirmary. Id. at 5. Plaintiff requested medication for his symptoms, which included headaches, sweats, and shortness of breath; however, he never received medication or treatment. Id. It also appears that Plaintiff did not receive a COVID-19 booster and a flu vaccine when he requested them. Id. at 6.

Based on these allegations, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs. Id. at 3. The Court liberally construes the Complaint as bringing an Eighth Amendment deliberate indifference to a serious medical need claim.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407

(9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. First, it appears that Plaintiff argues that being placed in quarantine for an additional five days and catching COVID-19 violated his constitutional rights. However, Plaintiff alleges that prison officials had—at that point—kept his vaccinations up-to-date and provided him with N95 masks. These preventative measures indicate that the prison officials were not indifferent to Plaintiff's medical needs concerning COVID-19. Importantly, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." See Farmer, 511 U.S. at 844; see also Hallinan v. Scarantino, 466 F. Supp. 3d 587, 606 (E.D.N.C. 2020) (finding that the "fact that respondents' response may prove inadequate to prevent the spread of COVID-19 does not establish they were deliberately indifferent"). Second, Plaintiff's allegations are vague and conclusory. For example, Plaintiff contends that the Defendants are responsible for him contracting COVID-19. In addition, Plaintiff does not provide facts alleging that specific Defendants denied his requests for medication and vaccines after he caught COVID-19. Therefore, the Court dismisses this claim and the Complaint without prejudice and with leave to amend.

If Plaintiff chooses to amend, he must state how the Defendants, by name, were deliberately indifferent to his medical needs when he contracted COVID-19.

### III. LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not

5

required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, Plaintiff will file the amended complaint within **30 days** from the entry date of this order.

### IV.  MOTION SEEKING APPOINTMENT OF COUNSEL (ECF NO. 1-2)

Plaintiff files a motion seeking the appointment of counsel. ECF No. 1-2. In his motion, Plaintiff requests counsel because counsel could effectively present his case to a jury, Plaintiff has no legal experience and only has a high school diploma, and the case presents a complex medical claim. Id. at 3–4.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id.

In the instant case, the Court does not find that the reasons Plaintiff states in his motion constitute exceptional circumstances that warrant the appointment of counsel at this time. Additionally, Plaintiff has failed to establish he is likely to succeed on the merits of his case because he has not stated a colorable claim. The Court denies the motion seeking appointment of counsel without prejudice.

## V. CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that Plaintiff's motion seeking the appointment of counsel (ECF No. 1-2) is denied without prejudice.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the Complaint is dismissed without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, Plaintiff will file the amended complaint within **30 days** from the entry date of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED: January 31, 2024



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE